**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NUKEYDA HICKS,** | ) | **CASE NO.   1:09CV1619** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **SSP AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #12) of Defendant,

SSP America, Inc. ("SSP"), for Summary Judgment.  For the following reasons, the motion is

granted.

**I. FACTUAL BACKGROUND**

Plaintiff, Nukeyda Hicks ("Hicks"), is an African-American female, who was hired in

November of 2002 as a cashier for Compass Group, a company that owned two food service

franchises on either side of the Ohio Turnpike in Mantua, Ohio.  Hicks was promoted to shift

supervisor; and in April of 2006, to assistant manager, a position she held until termination of

her employment on March 6, 2008.

In July of 2007, Compass Group sold its turnpike franchises to Creative Host Services, Inc.; and in February of 2008, the franchises began operating under the name SSP.

Hicks reported to the general manager, Anthony David ("David").  David reported to Robert Viox ("Viox"), SSP's senior director of operations, whose office was in Kentucky.

During her tenure at the turnpike franchises, Hicks was never disciplined by David, Viox, or any other superior; and she received an exemplary evaluation and two merit pay raises in the year before her termination.

In early 2008, SSP sought to replace David, who announced he would be stepping down as general manager.  The policy handbook (ECF DKT #14-6) for Creative Host Services, operating as SSP, recites as follows with regard to promotions:

> Creative Host Services believes that all qualified, interested associates be considered for promotions whenever appropriate openings occur.  Whenever possible, all associates will be provided with the opportunity for promotion within the company based upon their knowledge, skill and ability.

> Creative Host ... has an internal job posting procedure that allows associates to post for positions open throughout the Company.  Associates must have completed eighteen (12) [sic] months of service in their current position and have received a performance appraisal rated "competent" or better before posting for any open positions.

This policy was not followed by SSP to fill David's general manager position.  Hicks expressed to David her desire to be considered; but Viox, the senior director of operations, looked outside the company and hired Kenneth Barnes, a white male.

On February 7, 2008, Hicks filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming SSP failed to promote her because of her sex and race.  On the following day, the EEOC mailed a copy of the charge to

Anthony David, the out-going general manager, at one of the Mantua turnpike franchise addresses.

Also, in early February, 2008, SSP ran a detailed report of the turnpike franchises' cash register transactions recorded by employees' cash register cards ("Micros Card System").  The report showed Hicks had significantly more net sales than any other employee and three times as many errors.  This disparity was the result of Hicks loaning her cash register card to other employees, in violation of the company's cash handling policies.

On February 19, 2008, Viox suspended Hicks for violating SSP's cash handling policy; and she was ultimately terminated on March 6, 2008.  Hicks pursued another claim with the EEOC, believing she was terminated because of her race and/or sex and in retaliation for pursuing the earlier discrimination charge.  She received a Notice of Right to Sue on March 25, 2009.

The captioned case was initiated in Cuyahoga County Common Pleas Court on June 16, 2009, and removed to U.S. District Court on July 15, 2009.  Defendant moved for summary judgment in its favor, arguing that Hicks cannot prevail on her claims of failure to promote because of race or gender, retaliation, or common-law wrongful discharge in violation of public policy.  The motion has been fully briefed and is ripe for adjudication.

## II. LAW AND ANALYSIS

### Standard of Review

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."  See, Fed. R. Civ. P. 56(c).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).  A fact is material only if its resolution "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.

Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass'n*., 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.

*Celotex*, 477 U.S. at 323.   Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Title VII Discrimination – Failure to Promote</u>**

"In order to establish a Title VII employment discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment."  *Johnson v. Kroger Co.*, 319 F.3d 858, 864-865 (6th Cir. 2003).  Hicks does not present direct evidence of discrimination, instead relying on a circumstantial approach.  The circumstantial approach requires the plaintiff to present a prima facie case, which then creates a rebuttable presumption of unlawful discrimination.  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 & n.6 (1981); *Johnson*, 319 F.3d at 866.

To make a prima facie case of discrimination based on a failure to promote, Hicks must establish (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and was denied the promotion; and (4) an individual ***of similar qualifications*** who was not a member of the protected class received the job at the time her request for the promotion was denied. (Emphasis added).  *White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 240 (6th Cir. 2005).  If Hicks meets her prima facie burden, the burden then shifts to SSP to produce a legitimate, nondiscriminatory reason

for failing to hire Hicks for the position.  *Id*. at 244.  If SSP carries this burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  *McDonnell Douglas*, 411 U.S. at 802; *Burdine*, 450 U.S. at 252-53.  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  *Id*.  Hicks need not prove her case by a preponderance of evidence at the prima facie stage.  *Singfield v. Akron Metropolitan Housing Authority, et al.*, 389 F.3d 555, 563 (6th Cir. 2004).  "[T]he burden of establishing a prima facie retaliation case is easily met."  *Id*.

Even viewing the evidence in a light most favorable to Hicks, and recognizing that the prima facie burden is not onerous, Hicks fails to make out a prima facie case for discriminatory failure to promote.  Specifically, she does not establish the fourth element of her prima facie case, because she was unequivocally less qualified than Kenneth Barnes, who was ultimately hired as general manager.  "[I]n order to satisfy the fourth prong of the prima facie burden in a failure to promote case, it is incumbent upon the plaintiff to establish that she and the non-protected person who ultimately was hired for the desired position had similar qualifications."  *White*, 429 F.3d at 242.  The evidence shows Barnes had a culinary degree, twelve years of managerial experience, and over fifteen years of prior experience in the restaurant and food service industry.  On the other hand, Hicks worked for four years as an SSP shift supervisor and only two years as an assistant manager.

Hicks argues she was more qualified than Barnes, because she could immediately assume the position, while Barnes would have to complete a two-month training period.  That

Hicks was more *immediately* qualified than Barnes does not mean that she was more, or even similarly, qualified *overall*.  Under Hicks' reasoning, any assistant manager at SSP, regardless of years of experience, would be more qualified for a general manager position than any external candidate.  This conjecture is insufficient to sustain Hicks' evidentiary burden at the prima facie stage.

In addition, Hicks spends time discussing how her qualifications were superior to David, whom she sought to replace as general manager.  This is irrelevant, since the focus, by law, is upon the qualifications of the person of the non-protected class who ultimately was hired for the desired position.  *White*, 429 F.3d at 242.

Hicks has failed to make her prima facie showing of discrimination for failure to promote, and SSP's motion for summary judgment is granted on that claim.

**Retaliation**

Hicks contends she was suspended and eventually terminated from her employment with SSP in retaliation for pursuing a discrimination charge with the EEOC.  SSP asserts she was terminated for violation of the company's cash handling policy through misuse of her cash register card.

Title VII prohibits an employer from retaliating against an employee who has opposed discriminatory conduct or made " a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).  An employee-plaintiff may establish a prima facie case of retaliation by demonstrating (1) she engaged in an activity protected by Title VII; (2) ***the defendant knew she exercised her rights***; (3) the defendant took an employment action against the plaintiff that a reasonable

employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action.  (Emphasis added). *Burlington N. & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006); *DiCarlo v. Potter*, 358 F.3d 408, 420 (6th Cir. 2004).

Although the burden at the prima facie stage is "easily met," *Singfield*, 389 F.3d at 563, Hicks must make a showing as to each and every element.  Viewing all the evidence in Hicks' favor, Hicks cannot make out a prima facie case of retaliation because there is no evidence that Robert Viox, SSP's senior director of operations and the decision maker as to hiring and firing, had knowledge of her protected activity.

Hicks admits that she never told Viox or anyone at SSP directly.  (ECF DKT #12-4 at 112, 118).  The evidence reveals that the EEOC mailed Hicks' February 7, 2008 charge to Anthony David at the turnpike facility in Mantua; while it is undisputed that Viox had his office in Kentucky.  In a footnote in her opposition brief, Hicks concedes she "cannot 'prove' it [SSP] received the charge before her termination."  (ECF DKT #14 at 7, n.5).  The Director of Human Resources for SSP submits a declaration stating: "On March 11, I had to ask the EEOC investigator to fax me Ms. Hicks' February 7 EEOC charge because I could not locate it anywhere in SSP's files. ... Therefore, to the best of my knowledge, SSP America never got a copy of the EEOC charge until that date."  (ECF DKT #12-1 at ¶ 16).  There is no evidence that, if David received a copy of the charge, he told his superior, Viox, about it.  In fact, at his deposition, Anthony David, the out-going general manager, was asked: "As it relates to when you found out about the charge, was Nukeyda Hicks still an employee of SSP America?" David responded: "No.  She was not with us anymore."  (ECF DKT #17-3 at 42).  Finally,

Robert Viox states in his declaration: "At the time that I decided to terminate Ms. Hicks' employment and did in fact terminate her employment with the support and approval of SSP America's human resources department, I had not seen a copy nor had any knowledge of the discrimination Charges she filed with the U.S. Equal Employment Opportunity Commission asserted against SSP America."  (ECF DKT #12-2 at ¶ 10).

In sum, there is no evidence even suggesting that Viox, as the decision maker, had knowledge of Hicks' EEOC charge.  Because "[t]he decision maker's knowledge of the protected activity is an essential element of the prima facie case of unlawful retaliation," Hicks' retaliation claim must fail.  *Frazier v. USF Holland, Inc.*, 250 Fed. App'x 142, 148 (6th Cir. 2007) (citing *Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002)).  The motion for summary judgment of Defendant SSP is granted on Plaintiff Hicks' claim that she was terminated in retaliation for pursuing a protected activity.

**Race or Gender Discrimination**

A plaintiff, pursuing claims under Ohio Revised Code Chapter 4112 or Title VII, bears the ultimate burden of persuasion that the defendant intentionally discriminated against her.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).  Therefore, Hicks must satisfy her prima facie burden by establishing that (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly situated non-protected employees.  *Hatchett v. Healthcare and Retirement Corp. Of Am.*, 186 Fed. Appx. 543, 547 (6th Cir. 2006).

Hicks cannot establish the fourth element of her prima facie case because she cannot identify a single other employee who remained employed with SSP despite severe violations

of the cash handling policy, like those she was guilty of.  (ECF DKT #12-4).

**Wrongful Discharge in Violation of Public Policy**

   To prevail on a wrongful discharge tort, a plaintiff must show that a clearly-enumerated public policy is jeopardized by the termination of plaintiff's employment. *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311 (2007).  The court must analyze whether or not there exists any alternative remedies that provide adequate relief.  *Id.*  Since Ohio Revised Code Chapter 4112 and Title VII provide adequate relief, and because Hicks alleges claims under those statutes in her Amended Complaint, Hicks' wrongful discharge claim must be dismissed as a matter of law.

### III. CONCLUSION

   For these reasons, the Motion (ECF DKT #12) of Defendant, SSP America, Inc. ("SSP"), for Summary Judgment is granted as to all claims in Nukeyda Hicks' Amended Complaint.


   **IT IS SO ORDERED.**

   **DATE: _September 7, 2010_____**


     **S/Christopher A. Boyko_____**
     **CHRISTOPHER A. BOYKO**
     **United States District Judge**